<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FENNEC PHARMACEUTICALS INC., *Plaintiff*, v. CIPLA LIMITED and CIPLA USA, INC., *Defendants*. | Civil Action No. 23-123 **OPINION** July 14, 2025 |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court on Plaintiff Fennec Pharmaceuticals Inc.'s Motion to Consolidate Cases pursuant to Federal Rule of Civil Procedure 42(a) and Local Civil Rule 42.1. (ECF 150.) The Court has decided this Motion upon the parties' submissions, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 78.1. For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

**I.　　BACKGROUND**

Plaintiff initiated this action by filing the Complaint on January 10, 2023. (ECF 1.) The suit was precipitated by Defendants Cipla Limited and Cipla USA, Inc.'s filing of an Abbreviated New Drug Application ("ANDA") for a proposed drug that Plaintiff alleges would infringe two of Plaintiff's patents[1] for a drug called PEDMARK, which treats ototoxicity (hearing loss) in pediatric cancer patients. Since then, the parties have litigated the case through claim construction.

---

[1] The two patents originally at issue in this case are referred to as the "'793" and the "'018" patents.

At the claim construction hearing, Plaintiff's counsel notified the Court that: (1) Plaintiff would soon be receiving a new patent[2] in the same family as those at issue in the instant case; (2) Plaintiff would be suing Defendants under that patent; and (3) Plaintiff would move to consolidate the new case with the pre-existing one. (ECF 156 at 6:9-7:8.) All these things have now come to pass, and the Motion to Consolidate is before the Court. (*See* Complaint (ECF 1) in *Fennec Pharmaceuticals Inc. v. Cipla Ltd. et al.*, 25-cv-05709 (D.N.J. May 27, 2025); *see also* ECF 150.)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 42(a)(2) provides that "If actions before the court involve a common question of law or fact, the court may consolidate the actions." "A district court has broad discretion when determining whether consolidation is appropriate." *Borough of Olyphant v. PPL Corp.*, 153 Fed. App'x 80, 82 (3d Cir. 2005). "The moving party bears the burden of proof on a motion to consolidate." *Id*. In deciding to grant a request to consolidate, "the court must balance the risk of prejudice and possible confusion against the risk of inconsistent adjudications of common legal and factual issues, the burden on the parties and witnesses, the length of time required to conclude multiple lawsuits as against a single one, and the relative expense to all concerned." *Surgical Ctr. of N. Brunswick v. Aetna Health, Inc.*, No. 12-3678, 2012 WL 4120777, at *1 (D.N.J. Sept. 19, 2012).

## III.   DISCUSSION

Here, the Court finds that the factual and legal questions in both cases are sufficiently similar to warrant consolidation. Both Plaintiff and Defendants appear to agree that both cases involve the same parties, ANDA product, and some common claim terms. (ECF 159 at 1-2.) The

---

[2] The new patent is referred to as the "'026" patent.

parties also appear to agree that the claims the Court will construe in the initial case will apply to the new case. (*Id*. at 2.) Defendants point out that they would require some additional discovery (including document productions and deposition) to litigate the issues in the second case, but they also appear to concede that the discovery in the first case would apply to the new issues in some regard. (*Id*. at 3-4.) Defendants also point out that the infringement analysis in the second action differs from the analysis in the first action, but this difference is not so great as to counsel against consolidating the cases—courts frequently apply numerous analytical frameworks in cases featuring varied claims predicated on a common set of facts. (ECF 158 at 7-8.) Accordingly, the Court is satisfied that the facts and law in the new case are similar enough to warrant consolidation.

The Court also finds that the benefits of consolidation outweigh any burdens on the parties. By joining the actions together, the Court and the parties will avoid unnecessarily duplicative procedure. The Court also finds that no party will be prejudiced by the consolidation.

### IV.     CONCLUSION

For the reasons above, Plaintiff's Motion to Consolidate Cases is hereby **GRANTED**. An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:  Clerk
cc:    Michael A. Hammer, U.S.M.J.
       Parties